UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODERICK GILLISON, MABLENE GILLISON and
    TAYNIA NEVELS,

        Plaintiff(s),

      v.                                        Case no. 12–15620
                                              Hon. Julian Abele Cook, Jr.

STATE FARM FIRE AND CASUALTY
    COMPANY, an Illinois Corporation,

        Defendant/Third-Party Plaintiff/
        Third-Party Counter-Defendant,

      v.

OCWEN FINANCIAL CORPORATION
    and OCWEN LOAN SERVICING,
    Georgia Corporations,

        Third-Party Defendants/Third-Party
        Counter-Plaintiffs.

ORDER

This litigation involves complaints by the Plaintiffs, Taynia Nevels, Roderick Gillison, and Mablene Gillison, all of whom assert that the Defendant, State Farm Fire and Casualty Company ("State Farm"), wrongfully and arbitrarily rejected their insurance claims for house fire losses.

Their lawsuit, having been originally filed in a state court, was caused to be removed by State Farm to this federal court on December 21, 2012 on the basis of the diversity of its litigants, 28 U.S.C. § 1332.

Currently before the Court is the Plaintiffs' motion for the entry of a partial summary judgment as to liability.

I.

On May 4, 2010, the Plaintiffs purchased a homeowner's insurance policy from State Farm which ostensibly covered loss of their personal property due to a fire at 34040 Joan Court in Romulus, Michigan with a value of an amount not greater than $189,160. This insurance policy specifically states that its provisions of insurance would be construed by State Farm as being voidable if the Plaintiffs or any other covered individual "intentionally conceal[] or misrepresent[] any material fact or circumstance relating to this insurance." (Insurance Policy 19 ¶ 2, ECF No. 29-2).

On November 21, 2010, a fire significantly damaged the structure of the subject residence, as well as all of the personal property therein. As a part of their insurance claim, the Plaintiffs submitted a sixty-four page inventory of loss of personal property to State Farm, in which they identified the claimed replacement costs for all of the property's contents as $279,538.49 and claimed a loss amount of $189,150, approximately equal to the policy's maximum coverage. Among the items claimed were expensive clothing articles and costly electronics. The Plaintiffs did not submit a claim for any structural damage to their Joan Court residence.

As part of its claim analysis, State Farm assigned its fire investigator to inspect the property. Although the fire had destroyed most of the interior within the residence, the fire investigator found within the debris a typical quantity of possessions for a house of that size. In his report, he - while noting that the debris contained the remains of televisions, furniture, and appliances - observed minimal evidence of clothing.

On December 22, 2010, State Farm assigned Eric Allor, a representative within its Special Investigations Unit, to evaluate the Plaintiffs' claims. He concluded that the quantities outlined in

the inventory, when compared with the fire investigator's report, were in sharp contrast and unbelievable. (Allor Dep. 53:21-55:11, Feb. 17, 2014, ECF No. 34-2). Based at least in part on Allor's analysis, State Farm decided to reject the Plaintiffs' claim for insurance proceeds.

State Farm sent a letter to the Plaintiffs on May 10, 2012 which denied their claim on the ground that they had intentionally misrepresented facts in an attempt to defraud the insurer. According to State Farm, these acts by the Plaintiffs violated the policy's misrepresentation, concealment, and fraud provision.

The Plaintiffs filed this lawsuit against State Farm on November 19, 2012. Upon proceeding to litigation, State Farm hired a forensic accountant to analyze the financial viability of the Plaintiffs' claim. The accountant noted that "[t]he financial situation of Roderick and Mablene [Gillison] appears tenuous." (Walworth Report 2, ECF No. 37-2). The Plaintiffs, having filed for relief under Chapter 13 of the Bankruptcy Code in 2005, placed a value upon their personal property at that time at only $2,370. (Bankr. Sched. B, ECF No. 37-2). At the time of the fire, a loan that had been secured by a mortgage was over two months in arrears. Despite these signs of financial difficulty, the Plaintiffs alleged in their inventory that they had acquired over $250,000 in personal property over the preceding five years. Thus, this forensic accountant concluded that neither the Gillisons nor Nevels had sufficient "cash flow to purchase assets anywhere close" to the amount claimed. (Walworth Report 2, ECF No. 37-2).

On February 28, 2014, the Plaintiffs filed the pending motion for partial summary judgment.

## II.

The purpose of the summary judgment rule, as reflected by Federal Rule of Civil Procedure 56, "is to isolate and dispose of factually unsupportable claims or defenses . . . ." *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 323-24 (1986). The entry of a summary judgment is proper only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties." *Aqua Grp., LLC v. Fed. Ins. Co.*, 620 F. Supp. 2d 816, 819 (E.D. Mich. 2009) (citing *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)). In order for a dispute to be genuine, it must contain evidence upon which a trier of the facts could find in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 560 (6th Cir. 2004). When assessing a request for the entry of a summary judgment, a court "must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The entry of a summary judgment is appropriate if the nonmoving party fails to present evidence which is "sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Thus, the moving party - under these circumstances - has the initial obligation of identifying those portions of the record which demonstrate the absence of any genuine issue of a material fact. *Celotex*, 477 U.S. at 323. Thereafter, the nonmoving party must "come forward with some probative evidence to support its claim and make it necessary to resolve the differences at trial." *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991); *see also, Anderson*, 477 U.S. at 256. The presence or the absence of a genuinely disputed material fact must be established by (1) a specific reference to "particular parts of materials in the record, including depositions, documents, electronically stored

information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or (2) a "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

### III.

In moving for a partial summary judgment as to liability, the Plaintiffs submit that there are no genuine issues of a material fact as to whether State Farm improperly denied their claim. Specifically, they maintain that the opinion of State Farm's adjuster and the report of the forensic accountant regarding the contents inventory are insufficient to establish a claim for material misrepresentation.

State Farm, on the other hand, asserts that it has presented probative evidence that the Plaintiffs materially misrepresented their claim for insurance proceeds. This evidence includes the evaluations made by State Farm's agents, as well as the testimonies of the Gillisons and Daniel Nevels.

In order to establish a prima facie case for material misrepresentation in an insurance claim, an insurer must show that the insured willfully distorted a material fact. Thus, "an insurer must show that (1) the misrepresentation was material, (2) that it was false, (3) that the insured knew that [the representation] was false at the time it was made or that it was made recklessly, without any knowledge of its truth, and (4) that the insured made the material misrepresentation with the intention that the insurer would act upon it." *Mina v. General Star Indem. Co.*, 555 N.W.2d 1, 5 (Mich. Ct. App. 1996), *rev'd in part on other grounds*, 568 N.W.2d 80 (1997). If the statement is

5

reasonably relevant to the insurer's claim evaluation, then it is material and fulfills the first element. *Id.* at 5.

The Plaintiffs' insurance policy contains a "concealment or fraud" provision, which, when applicable, discharges State Farm of its contractual obligations if the insured intentionally conceals or misrepresents a material fact. (Policy 19 ¶2, ECF No. 4-1). An insurance policy must be enforced in accordance with its terms. *Henderson v. State Farm Fire & Cas. Co.*, 596 N.W.2d 190, 193 (Mich. 1999). If the terms are unambiguous, they must be enforced as written. *Id.* Under a fraud provision which is similar to that contained in the Plaintiffs' policy, the Michigan Court of Appeals determined that fraud exists even if the misrepresentation constituted a small percentage of the claimed loss. *Martin v. Farm Bureau Gen. Ins. Co.*, No. 275261, 2008 WL 1807940, at *6 (Mich. Ct. App. Apr. 22, 2008) ("[P]olicy does not differentiate between big and small lies.").

In response to the denial of their claim, the Plaintiffs submit that State Farm has presented an insufficiency of evidence to assert a claim for material misrepresentation. Citing to *Mina*, they contend that "[f]raud cannot be established from the mere fact that the loss was less than was claimed." 555 N.W.2d at 5. This argument misses the mark. State Farm does not simply contend that a disparity exists between the actual loss and the amount claimed by the Plaintiffs. Rather, it maintains that the record contains substantial evidence that the Plaintiffs intentionally and materially embellished their claim for the purpose of defrauding State Farm.

In their claim for the loss of personal property, the Plaintiffs submitted a lengthy and highly-detailed inventory, a sampling of which included five flat-screen televisions, over 103 pairs of women's shoes and boots, luxury coats of cashmere, leather, and fur, three vacuum cleaners, and a King Size Pay Day candy bar. (Def.'s Br. Response, Ex. A, Personal Prop. Inventory, ECF No.

37-2). By contrast, State Farm's fire investigator noted that the debris contained minimal clothing items and typical furniture contents. Additional evidence in the record tends to support State Farm's position. For example, the Plaintiffs were unable to describe the size, make, model, or place of purchase of various items listed in their inventory. (Def. Br. Response, Ex. G, Roderick Gillison Dep. 68-70, ECF No. 37-2; *Id.*, Ex. H, Mablene Gillison Dep. 67-74, ECF No. 37-2). At least two retailers that allegedly sold items to the Plaintiffs were unable to verify some transactions or informed State Farm that they had no record of the claimed transactions. Finally, State Farm has produced testimony from Nevels' former husband, who submits that she never possessed some of the items listed on the inventory or had disposed of them prior to the time of the fire. (Def. Br. Response, Ex. K, Darrin Nevels Dep. 31-32, 62, ECF No. 37-2). This evidence is sufficient to call into question the veracity of the Plaintiffs' claim. Inasmuch as the Court does not assess credibility or weigh the evidence when deciding a motion for summary judgment, an entry of a summary judgment here at this time would be inappropriate. *Alspaugh v. McConnell*, 643 F.3d 162, 168 (6th Cir. 2011).

The Plaintiffs contend that the Court should not consider State Farm's proffer of evidence relating to their financial instability because it is inadmissible under Michigan law. For support, they cite to *Smith v. Michigan Basic*, 490 N.W.2d 864 (Mich. 1992) and *Green v. Farm Bureau Mutual Ins. Co.*, No. 205135, 1999 WL 33445018 (Mich. Ct. App. May 11, 1999), two cases in which the evidence of an insured's financial condition was deemed to be inadmissible. In each case, the Michigan Court of Appeals upheld the trial court's decision to deny this type of evidence. *Smith*, 490 N.W.2d at 871; *Green*, 1999 WL 33445018, at *3. The Court of Appeals did not, however, hold that

such evidence is universally inadmissible. Rather, it scrutinized the facts of each case and concluded that, in the scenarios presented, the trial court did not abuse its discretion by excluding the evidence.

Here, a determination of the admissibility of this evidence at this stage of the proceeding would be premature. And even if this Court concluded that such evidence is inadmissible, the remaining evidence would be sufficient to raise a genuine issue of a material fact.

A review of the record suggests that the entry of a partial summary judgment as to liability is not appropriate under the current circumstances. Present issues of credibility and intent remain, and State Farm has offered sufficient evidence for a jury to decide if the Plaintiffs materially misrepresented their insurance claim. Accordingly, the Plaintiffs' motion will be, and is, denied.

IV.

For the reasons that have been set forth above, the Plaintiffs' motion for a partial summary judgment as to liability (ECF No. 34) is denied.

IT IS SO ORDERED.

Dated:  July 15, 2014              s/Julian Abele Cook, Jr.
        Detroit, Michigan          JULIAN ABELE COOK, JR.
                                   United States District Court Judge


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on July 15, 2014.

                                                        s/ Kay Doaks
                                                        Case Manager