UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODERICK GILLISON et al.,

      Plaintiffs,                     Case. No. 12-15620

      v.                               HON. TERRENCE G. BERG
                                     HON. MICHAEL HLUCHANIUK

STATE FARM FIRE AND CASUALTY
COMPANY,

      Defendant.
_____/

**ORDER GRANTING MOTION FOR DEPOSIT
AND DISBURSEMENT OF SETTLEMENT PROCEEDS (DKT. 62)**

      Before the Court is Plaintiffs' motion to have settlement proceeds deposited with the Court and distributed under Court supervision. Defendant does not oppose the motion.

      The case is a homeowner's insurance dispute in which Plaintiffs Roderick and Mablene Gillison, and Taynia Nevels, challenged Defendant State Farm Fire and Casualty Company's denial of Plaintiffs' claims fire losses to their home. (Dkt. 1, Ex. A.) After a jury was empaneled to hear this trial, on February 10, 2015, the parties notified the Court that they had reached a settlement agreement. (Dkt. 61.) The Court then dismissed this case on February 12, 2015, with the provision that any party could reopen the proceedings on or before April 13, 2015 to enforce settlement terms. (*Id.*)

On April 13, 2015, Plaintiffs' counsel, Attorney Jo Robin Davis, filed a motion to: (1) require Defendant to deposit the settlement proceeds with the Court; and (2) request that the Court distribute the settlement funds as provided by contract. (Dkt. 62.) The certificate of service dated April 13, 2015 states that notification of the motion's filing was sent to Plaintiffs "by E-Mail, US First Class Mail, and US Mail Certified Return Receipt." (*Id.* at 9.) The individual Plaintiffs, according to Davis, disagree with counsel as to how to disburse the settlement funds, and have not responded to the motion or otherwise communicated with this Court regarding the dispute. Defendant filed notice of its concurrence with Attorney Davis's motion on April 30, 2015. (Dkt. 63.)

Because there is sufficient evidence that there is a live dispute concerning how the funds should be distributed, and because the evidence supports a distribution along the lines proposed by the motion, Attorney Davis's unopposed motion will be **GRANTED** pursuant to Federal Rule of Civil Procedure 67 ("Rule 67").

Attorney Davis represents to the Court that there is a live entitlement dispute between her and her clients over how the settlement proceeds to be paid by Defendant should be disbursed. (Dkt. 62, ¶¶ 8-14.) Defendant no longer has any interest in the funds because this case settled for $100,000.00 on or about February 6, 2015. (*Id.* at ¶ 12.) Attorney Davis maintains that, pursuant to the Contingent Fee Agreement she entered into with Plaintiffs, she is owed $33, 909.62 of the settlement proceeds. (*Id.* at p. 6.) An additional $10,000.00, or 10%, of the

settlement proceeds are owed to Michigan Fire Claims, Inc. ("Michigan Fire Claims"), a public adjuster hired by Plaintiffs to prepare and present their claim for fire house losses to Defendant. (*Id.*) Plaintiffs are thus entitled to remaining proceeds, or $56,098.38. (*Id.*) According to Attorney Davis, Plaintiffs told her in a telephone call that they believed they were entitled to the full $100,000.00. Moreover, Attorney Davis asserts that Plaintiffs have refused to sign any release forms forwarded to them from Defendant's counsel. (*Id.* at ¶¶ 12-14.)

In support of her calculations, Attorney Davis has provided a copy of: (1) the Contingent Fee Agreement between her and Plaintiffs (Dkt. 62, Ex. A); (2) Plaintiffs' contract with Michigan Fire Claims. (Dkt. 62, Ex. B); (3) the deposition of Kelly J. Bridgewater, Senior Contents Adjuster for Michigan Fire Claims. (Dkt. 62, Ex. C); and (4) Attorney Davis's own affidavit testifying to her version of events (Dkt. 62, Ex. D).

The Contingent Fee Agreement was executed by Attorney Davis and all Plaintiffs on July 17, 2012 and provides that Attorney Davis will receive $33^{1}/_{3}\%$ "of the entire recovery on any total award or settlement paid after the date of this fee contract. (Dkt. 62, Ex. A.) Plaintiffs' contract with Michigan Fire Claims, also a contingent free agreement, was executed by Roderick and Mablene Gillison on November 30, 2010. (Dkt. 62, Ex. B.) The contingency agreement provides that Michigan Fire Claims is entitled to 10% "of amounts recovered under the Scope of Contract and paid by Insurer(s) in settlement of the loss" including payments made

3

by "agreement, court judgment, mediation, arbitration, appraisal, and other forms of dispute resolution." (*Id.*)

The evidence is clear that Attorney Davis and Michigan Fire Claims have performed under their respective contracts with Plaintiffs. Attorney Davis has litigated this case on behalf of Plaintiffs for nearly three years. (*See* Dkt. 1.) She has taken several depositions, reviewed voluminous files and other case-related materials, challenged Defendant's motion for partial summary judgment (Dkt. 37), and agreed, after the matter was raised to the Court, to continue representing Plaintiffs when communication between counsel and clients grew strained. (Dkt. 62, ¶¶ 4-7.) Finally, Attorney Davis negotiated a $100,000.00 settlement for Plaintiffs after receiving an initial offer of $10,000.00 from Defendant. (*Id.* at ¶¶ 8-12.)

Michigan Fire Claims inventoried the contents of Plaintiffs' property after the fire and prepared and presented Plaintiffs' house fire loss claim to Defendant. (*See* Dkt. 62, Ex. C, 90:9-16.) Ms. Bridgewater, on behalf of Michigan Fire Claims, prepared and presented Plaintiffs' house fire loss claim to Defendant as it related to the loss of the dwelling's contents. (*Id.* at 8:19-25, 68:2-4.) She assigned and coordinated the inventory specialists who visited Plaintiffs' property and inventoried the contents. (*Id.* at 26:18-28:18.) These specialists visited the property and created an inventory of the contents that were lost in the fire that was then typed into a spreadsheet. (*Id.* at 27:4-28:4, 31:12-23.) Ms. Bridgewater was Plaintiffs' liaison with Defendant while preparing their fire loss claim. (*Id.* at 29:5-10.)

Attorney Davis filed her motion pursuant to Rule 67. (Dkt. 62, p. 1.) The rule states:

> In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

Fed.R.Civ.P. 67. "The core purpose of Rule 67 is to relieve a party who holds a contested fund from responsibility for disbursement of that fund among those claiming some entitlement thereto." *Alstom Caribe, Inc. v. Geo. P. Reintjes Co., Inc.*, 484 F.3d 106, 113 (1st Cir. 2007) (citing 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2991 (2d ed.)). A district court should not grant a Rule 67 motion unless the question of entitlement is genuinely in dispute. *See, e.g., Gulf States Utils. Co. v. Ala. Power Co.*, 824 F.2d 1465, 1475 (5th Cir. 1987). Moreover, the entitlement dispute must be live; that is, the dispute must be extant at the time the court is asked to grant the Rule 67 motion. *See Mfrs. Hanover Overseas Capital Corp. v. Southwire Co.*, 589 F.Supp. 214, 221 (S.D.N.Y. 1984). Ultimately, the decision whether to allow a Rule 67 deposit lies within the

discretion of the district court. *Garrick v. Weaver*, 888 F.2d 687, 694 (10th Cir. 1989).[1]

Upon review of this motion and Defendant's concurrence, the Court finds no reason to question the representations made therein, nor the disbursement requested. The contingent fee agreements are not unreasonable. Moreover, while Defendant has communicated its concurrence with Attorney Davis's motion. (Dkt. 63.) Plaintiffs were sent notification of the motion's filing (Dkt. 62, p. 9), but have not responded to the motion currently before this Court, challenged the validity of either contract, or otherwise communicated with this Court in any way regarding this dispute. On the evidence in the record, there is no support for the conclusion that the individual Plaintiffs alone are entitled to receive the full amount of the settlement proceeds. Plaintiffs employed an attorney and a claims adjusting firm, both of whom worked for a period of years without compensation to facilitate a result to the benefit of the Plaintiffs. The amounts being sought by them are only consistent with the contracts Plaintiffs signed.

With regard to the withdrawal order, Attorney Davis has only provided the names of each recipient as well as the amount of principal each recipient should receive. (Dkt. 62, p. 7.) A withdrawal order, however, requires additional

---

[1] In *Garrick*, the parties had settled, and the remaining issue concerned an attorney who challenged the Court's decision to award him payment on a quantum meruit basis, rather than payment based on his contingency fee. *Id.* at 690. The Court concluded, "[The magistrate judge's] decision both ensured that the settlement fund would be available for disbursement and facilitated judicial economy by permitting the defendants, who no longer had an interest in the funds or in these proceedings, to withdraw." *Id.* at 694. Here, as in *Garrick*, Defendant no longer has an interest in the funds it has agreed to pay by settlement. Depositing the settlement funds with the Court will allow the Defendant to excuse itself from the issue at hand and provide the Court with the authority to oversee proper disbursement.

6

information such as the recipients' addresses. The Court, therefore, cannot order disbursement at this time. Instead, Attorney Davis shall prepare a withdrawal order that includes the names of the designees, their addresses, and the amount each designee is to receive, and present it to the Clerk of Court via the Financial Department for review as to form. The Clerk of Court will then submit the withdrawal order to this Court for final approval.

Accordingly, **IT IS HEREBY ORDERED** that Attorney Davis's motion to deposit and disburse the settlement proceeds (Dkt. 62) is **GRANTED** pursuant to Rule 67.

**IT IS FURTHER ORDERED** that Defendant shall provide the Clerk of Court with a certified check, cashier's check, or money order totaling $100,000.00 for deposit in a non-interest bearing account.

**IT IS FURTHER ORDERED** that the Clerk shall deduct from said account any fees authorized by the Judicial Conference of the United States.

**IT IS FURTHER ORDERED** that Defendant is granted a complete and total discharge from any and all liability arising out of the settlement proceeds and from any claims against the settlement proceeds by any individual, including Attorney Davis, any representative of Michigan Fire Claims, and Plaintiffs.

After the settlement proceeds have been deposited, **IT IS FURTHER ORDERED** that Attorney Jo Robin Davis shall prepare and present a proposed withdrawal order to the Clerk of Court via the Financial Department for review as

to form. Attorney Davis will then submit the proposed withdrawal order to this Court for final approval.

**SO ORDERED.**

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: June 23, 2015

**<u>Certificate of Service</u>**

I hereby certify that this Order was electronically submitted on June 23, 2015, using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager

8